BLUE, Judge.
The trial court granted partial summary judgment in favor of the plaintiffs and against the defendants on all issues except damages. The defendants do not contest liability, but do contend the trial court erred in determining causation and permanency of injuries as a matter of law. We agree and reverse.
The plaintiffs’ motion for summary judgment was granted on the basis of an affidavit by an expert medical witness which established both causation and permanency, and was uncontradicted by other medical evidence. At the time the trial court granted the plaintiffs’ motion, it did not have the benefit of the recent Florida Supreme Court opinion, Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). In Easkold, the court held that the jury could properly reach a finding contrary to expert medical opinion when, as in the case before us, there is conflicting lay evidence.
Because a jury may reject expert medical testimony in the face of conflicting lay evidence, it was error for the trial court to grant summary judgment. Accordingly, the partial summary judgment to the extent it determined causation and permanency as a matter of law is reversed and the cause is remanded for further proceedings.
HALL, A.C.J., and PATTERSON, J., concur.